UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE LUIS JACOBO-FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 5:07-CV-105 |
| | § | Criminal No. 5:02-CR-842-3 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before this Court is Jose Luis Jacobo-Flores' Motion to Have Personal Property Returned [Cr. Dkt. No. 217 and Dkt. No. 1],[1] and application to proceed *in forma pauperis* [Dkt. No. 4]. Upon due consideration of the pleadings and applicable authorities, Flores' application to proceed *in forma pauperis* is GRANTED.

**I.    Factual Background**

In 2002, Flores was convicted of conspiracy to possess with intent to distribute a controlled substance. [*See* Case No. 5:02-cr-842-3]. Judgment was entered on February 25, 2003 [Cr. Dkt. No. 154] and subsequently affirmed on appeal [Cr. Dkt. No. 202].

On August 8, 2007, the Clerk received and filed a document in which Flores moved this Court for return of the items that the United States Government allegedly seized from his person at the time of his arrest. [Cr. Dkt. No. 217 and Dkt. No. 1]. According to Flores, some of these items include: 1) one pocket wallet with $20 inside; 2) one watch; 3) two rings; and 4) one chain. In his

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:07-cv-105. "Cr. Dkt. No." refers to the docket entries in criminal case number 5:02-cr-842-3.

motion, Flores invokes Rule 41(g) of the Federal Rules of Criminal Procedure, which permits a person aggrieved by an unlawful search and seizure or aggrieved by the deprivation of property to file a motion for return of property.

In its August 14, 2007 order, the Court stated that because his motion was properly construed as a civil action, Flores had to comply with the Prison Litigation Reform Act (PLRA). [Dkt. No. 2]. Accordingly, the Court ordered Flores to either (a) pay the $350 filing fee pursuant to the requirements of 28 U.S.C. §1914; or (b) submit a completed application to proceed *in forma pauperis*, along with a copy of his financial records. On August 28, 2007, Flores filed a motion to proceed *in forma pauperis* due to his inability to pay the filing fee. [Dkt. No. 4]. Flores filed his motion in a timely manner and provided adequate documentation supporting his inability to finance the $350 filing fee. [Dkt. No. 4-7].

**II.     Analysis**

Flores, in compliance with the dictates of 28 U.S.C. § 1915(a)(1) and (2), avers that he is a pauper with no assets and has submitted a copy of his inmate trust account records, which indicates that he has approximately $170 in his account. Because Flores is indigent and states a cognizable claim for relief, his application to proceed *in forma pauperis* is hereby GRANTED.

Pursuant to 28 U.S.C. §1915(b)(1) however, Flores is nevertheless required to pay the full amount of the $350 filing fee. Under 28 U.S.C. §1915(a), "any court of the United States may authorize the commencement of any suit . . . without prepayment of fees." However, under 28 U.S.C. §1915(b), notwithstanding the provisions of §1915(a), "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Therefore, because Flores is a prisoner who wishes to proceed on his initial motion to recover his personal property *in forma pauperis*, he is required to pay the $350 filing fee.

Because payment up front would not be practicable, Flores is ordered to follow the payment schedule outlined in 28 U.S.C. § 1915(b)(1), which requires him to pay an initial filing fee of 20 percent of the greater of–

> 1) the average monthly deposits to the prisoner's account; or
> 2) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

After paying the initial partial filing fee, Flores must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of Flores shall forward payments from his account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid. *Id.*

In light of the sum that Flores will have to pay before he can obtain the return of his property, an assessment of the value of the items to be returned might be worthwhile.

### III.   Conclusion

For the foregoing reasons, Flores' request to proceed *in forma pauperis* is **GRANTED**. Nevertheless, Flores remains responsible for payment of the $350 filing fee in order to proceed with his motion to have his personal property returned.

IT IS SO ORDERED.

DONE this 7th day of September, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.